Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, PC
P.O. Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Kristine Akland
AKLAND LAW FIRM, PLLC
PO Box 7274
Missoula, MT 59807
(406) 544-9863
aklandlawfirm@gmail.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNCIL,<br>    Plaintiffs,<br>vs.<br>LEANNE MARTEN, et al.,<br>    Defendants. | CV-17-21-DLC<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST TO STAY |

TABLE OF CONTENTS

TABLE OF CONTENTS…......……………………….............…0…1

TABLE OF ATTACHMENTS……..………………….............…0…2

I.  PROCEDURAL BACKGROUND……..………..…......................0…3

II.  RESPONSE……..……………….............……………..…….4

      A.  Defendants have failed to comply with Local Rule 7.1.............................4

      B.  Defendants' status report lacks significant detail........................................5

      C.  Plaintiffs oppose further delay in this matter; Defendants must file their summary judgment response or pull the Project Record of Decision within 30 days...............................................................7

III.  CONCLUSION……..……………….............……………..……..9

CERTIFICATE OF COMPLIANCE……………….............……….……11

TABLE OF ATTACHMENTS

EXHIBIT A - Park Creek Wildfire Map

EXHIBIT B - Stonewall Project Units Map

Declaration of Dr. Chad Hanson (October 3, 2017)

# I. PROCEDURAL BACKGROUND

On June 30, 2017, Plaintiffs filed a motion for summary judgment in this case. Pursuant to the Court's April 12, 2017 case management order (Doc. 5), Defendants' response was due on July 28, 2017. On July 19, 2017, Defendants requested an extension of this deadline, and Plaintiffs did not oppose the extension. Accordingly, on July 24, 2017, this Court granted Defendants an extension until August 11, 2017 to file their summary judgment response. Doc. 27.

On August 7, 2017, Defendants requested a stay of the case, which in effect is another extension for their brief deadline, until October 2, 2017. Doc. 28. Plaintiffs did not oppose this second request for extension.

On August 8, 2017, this Court granted Defendants' unopposed motion to stay this case and ordered that "Federal Defendants shall file a status report with this Court no later than October 2, 2017, notifying the Court and Plaintiffs of the current status and impacts of fire on the Stonewall Project Area." Doc. 29.

On October 2, 2017, Defendants filed what they have captioned as "Status Report and Request to Extend the Stay." Doc. 30. Defendants' filing states in full:

> In accordance with the Court's Order of August 8, 2017 (Dkt. 29) Federal Defendants hereby file a status report notifying the Court and Plaintiffs of the current status and impacts of the Park Creek and Arrastra Creek wildfires on the Stonewall Project Area. Since the previous fire update (Doc. 28), the two fires merged and are now identified as solely the Park Creek Fire. As of September 30, 2017 the fire area encompassed a total of 18,000 acres, with approximately

> 13,400 acres within the Project Area. Additional information on the fire is available at the following link: https://inciweb.nwcg.gov/incident/5367/
>
> The wildfire is currently 80% contained. Wildfire suppression activity is minimal, but still ongoing. In addition, the Forest Service is now actively undertaking post-fire rehabilitation activities within the fire area. This work includes clean-up and stabilization work, like the removal of trees located along existing roads which were previously felled and decked (under fire suppression authorities) to build fire lines and fuel breaks during the height of the wildfire. Some of this material was from Stonewall timber sale units.
>
> After full containment and rehabilitation, the Forest Service will require additional time to assess the impacts of the fires in the Project Area. Therefore, Defendants request and move for a continued stay of the litigation until the agency can assess the impacts of the fires and determine how to proceed. The undersigned will provide a status report to the Court and opposing counsel no later than January 19, 2018.
>
> Plaintiffs will oppose this motion.

Doc. 30.

## II.  RESPONSE

**A.  Defendants have failed to comply with Local Rule 7.1.**

As a preliminary matter, Defendants have failed to comply with Local Rule 7.1.  Local Rule 7.1 Motions applies to "all written requests that the court take or refrain from taking a particular action, except where another rule provides otherwise."  LR 7.1(a).  Local Rule 7.1 requires that when a motion is opposed, the moving party must file a motion and brief in support:  "A motion, if opposed, must be accompanied by a brief in support filed at the same time as the motion. Briefs in

support of a motion must be filed separately from the motion. <u>Failure to timely file a brief will result in denial of the motion</u>, subject to refiling in compliance with the rule." LR 7.1(d)(1)(A)(emphasis added).

Therefore, if Defendants wish to seek a third extension/stay in this case, they must file an actual motion requesting another extension/stay, and a brief in support of that motion. Because they have failed to do both, their request must be denied.

**B. Defendants' status report lacks significant detail.**

In addition, Defendants' status report to the Court and Plaintiffs lacks significant detail regarding the "current status and impacts of fire on the Stonewall Project Area" as ordered by the Court. Doc. 29. In order to provide the Court with the available information, Plaintiffs attach the map of the Park Creek fire, the map of the Stonewall Project units, and the Declaration of Dr. Chad Hanson. Dr. Hanson is a Ph.D. ecologist with a specialization in forest and fire ecology. Declaration of Dr. Chad Hanson ¶1 (October 3, 2017). Dr. Hanson has reviewed the progression of the Park Creek fire using fire progression maps showing the boundary of the fire and how the boundaries changed every few days. Id. ¶ 2. These maps are publicly available from U.S. Government data available at https://inciweb.nwcg.gov/incident/maps/5367. Id. ¶ 2.

According to the fire progression maps, in the first four days of the fire, the fire spread a maximum distance of about two miles, for an average rate of 0.02

miles per hour or 1/50th of a mile per hour. Id. ¶3. Dr. Hanson finds that "[s]uch a dramatically slow rate of spread is consistent with mostly low-intensity fire effects, likely with some smaller patches of moderate intensity and high intensity fire where short bursts of winds occurred." Id. ¶3. Additionally, Dr. Hanson finds that "[a]fter the first four days, the fire moved even more slowly, generally taking a week to travel about 1 mile, for an average rate of less than 1/150th of a mile per hour." Id. ¶4. Dr. Hanson finds that "this is consistent with very low intensity fire effects." Id. ¶4.

Dr. Hanson's review finds that the Park Creek fire "burned through some of the proposed Stonewall project prescribed fire units . . . ." Id. ¶ 5. Dr. Hanson finds that "[b]ased on the extremely slow rate of spread of the fire, it is likely that the fire burned *less* intensely than the Forest Service intended for its prescribed burning units. Id. ¶5. Additionally, Dr. Hanson finds that the Park Creek fire "burned through three proposed Stonewall project logging units, [which were] 46 (a portion), 48, and 50, and in these places it moved the slowest, generally at a rate of less than 1/200th of a mile per hour." Id. ¶6. In sum, Dr. Hanson finds that the Park Creek fire "was overwhelmingly the opposite of extreme fire behavior." Id. ¶ 7.

Dr. Hanson states that "[t]he most recent fire progression map is dated September 13, 2017, and it has not been updated because the fire has essentially

ceased to spread since that time, given the change in weather (cold temperatures, and snow)." Id. ¶8. Dr. Hanson concludes that "[n]othing about the rate of spread, or size, of the Park Creek fire suggests that i[t] burned in a way that is outside of the natural range of variability for the forest types that comprise this area of the northern rockies." Id. ¶9.

**C. Plaintiffs oppose further delay in this matter; Defendants must file their summary judgment response or pull the Project Record of Decision within 30 days.**

Due to the fact that Plaintiffs have already agreed to over nine weeks of extensions/stays for Defendants' summary judgment response in this case, Plaintiffs now oppose Defendants' request for an extension/stay of an additional 16 weeks, until January 19, 2018. Defendants' delay is unreasonable. As discussed above, the Park Creek fire was a very slow-moving fire that essentially stopped moving by September 13, 2017. Hanson Declaration ¶¶ 3-9. Defendants already know how many Stonewall Project units have been affected by the Park Creek fire. As set forth below, a comparison between Exhibit A (fire map) and Exhibit B (Project map) shows that the fire occurred in the northern/northeastern part of the Project area, where the majority of prescribed burning units are located, and the fire did not burn through the southern/southeastern part of the Project area, where the majority of logging units are located.

Exhibit A – Park Creek Wildfire Map (as of September 16, 2017):



Exhibit B – Stonewall Project Units Map



In sum, due to the facts that (a) Defendants have already delayed nine weeks, (b) the Park Creek fire stopped moving several weeks ago, and (c) Defendants already know which Project units have been affected by the Park Creek fire, Plaintiffs oppose an additional 15-16 week delay in this case. Defendants must decide whether to proceed with this litigation, or pull the Project Record of Decision thereby rendering moot this litigation. *See e.g. All. for the Wild Rockies v. Marten*, 200 F. Supp. 3d 1129, 1131 (D. Mont. 2016)(denying a motion to stay but noting that a withdrawal of a project Record of Decision could render moot the litigation); *see also Native Ecosystems Council v. Weldon*, 2012 WL 5986475, at *3 (D. Mont. 2012) (Forest Service withdrew project Record of Decision after wildfire burned through Project area).

In the spirit of compromise, however, Plaintiffs are willing to agree to provide Defendants with an additional 30 days from the date of their October 2, 2017 status report to make this determination. Thus, Plaintiffs request that the Court order that Defendants either file their summary judgment response brief by November 1, 2017, or withdraw the Project Record of Decision by that date.

### III. CONCLUSION

For all of the above stated reasons, Plaintiffs oppose Defendants' request to stay this case until January 19, 2018. The requested delay is unreasonable and

9

unnecessary. Instead, Plaintiffs will agree to a 30 day extension – until November 1, 2017 – for Defendants to either file their summary judgment response or withdraw the Project Record of Decision.

Respectfully submitted this 5th Day of October, 2017.

*/s/ Rebecca K. Smith*
Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, PC

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

Kristine Akland
AKLAND LAW FIRM, PLLC

Attorneys for Plaintiffs

CERTIFICATE OF COMPLIANCE

The undersigned certifies that this response to a *de facto* motion is 1,731 words.

>*/s/ Rebecca K. Smith*
>Rebecca K. Smith
>PUBLIC INTEREST DEFENSE CENTER, PC
>
>Timothy M. Bechtold
>BECHTOLD LAW FIRM, PLLC
>
>Kristine Akland
>AKLAND LAW FIRM, PLLC
>
>Attorneys for Plaintiffs