Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, PC
P.O. Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Kristine Akland
AKLAND LAW FIRM, PLLC
PO Box 7274
Missoula, MT 59807
(406) 544-9863
aklandlawfirm@gmail.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNCIL,<br><br>    Plaintiffs,<br><br>vs.<br><br>LEANNE MARTEN, et al.,<br><br>    Defendants. | CV-17-21-DLC<br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR [DOC. 43] |

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.  If USFS opts not to withdraw the Record of Decision, USFS must continue
        this litigation with the current Record of Decision and file its summary
        judgment response brief; an indefinite stay is not appropriate.. . . . . . . .  6

        1.  Defendants' implicit request for an indefinite stay must be rejected. .  7

        2.  If the Project decision remains in place during remand, then the
            outcome is pre-determined, and there is no reason to continue to
            delay summary judgment briefing. . . . . . . . . . . . . . . . . . . . . . .  8

    B.  Alternatively, Plaintiffs do not oppose a voluntary remand for the purpose of
        preparing a supplemental EIS if the existing decision is either withdrawn
        by the agency or vacated by the Court. . . . . . . . . . . . . . . . . . . . . . . .  9

        1.  A valid supplemental EIS process must provide the same public
            process as an EIS process, including a new record of decision and a
            new timber sale contract after the NEPA process is completed.   10

        2.  In order to ensure a lawful, legitimate supplemental EIS process,
            vacatur or withdrawal of the decision must accompany any
            voluntary remand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

TABLE OF AUTHORITIES

CASES

*All. for the Wild Rockies v. Marten,* 200 F. Supp. 3d (D. Mont. 2016). . . . . . . . . . . 14

*California Communities Against Toxics v. U.S. E.P.A.,*

    688 F.3d 989 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18, 19

*Ctr. for Environmental Health v. Vilsack,* 2016 WL 3383954 (N.D. Cal. 2016). . . . 17

*Dependable Highway Exp., Incorporated v. Navigators Insurance Company,*

    498 F.3d 1059 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*ESG Capital Partners LP v. Stratos*, 22 F.Supp.3d 1042 (C.D. Cal. 2014). . . . . . . . 7

*Friends of the Clearwater v. Dombeck,* 222 F.3d 552 (9th Cir. 2000) . . . . . . . . . . 11

*Friends of the Wild Swan v. USFS,* 875 F.Supp.2d 1199 (D. Mont. 2012) . . . . . . . . 5

*Jumping Frog Research Inst. v. Babbitt,* 1999 WL 1244149  (N.D. Cal. 1999) . . . . 17

*League of Wilderness Defenders v. Pena,* 2015 WL 1567444 (D. Or. 2015) . . . . . . 17

*Metcalf v. Daly* 214 F.3d 1135 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Minn. Ctr. for Envt'l Advocacy v. EPA*,

    CV-03-5450-DWF-SRN (D. Minn. May 6, 2005). . . . . . . . . . . . . . . . . . . . . . . 17

*Montana Snowmobile Association v. Wildes,* 103 F.Supp.2d 1239 (D. Mont. 2000),

    *aff'd*, 26 F.App'x 762 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

*National Wildlife Federation v. U.S. Army Corps of Engineers,*

132 F.Supp.2d 876 (D. Or. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11

*Native Ecosystems Council v. Weldon,* 921 F.Supp.2d 1069 (D. Mont. 2013) .   passim

*Natural Resources Defense Council v. Norton,* 2007 WL 14283 (D. Or. 2007) . . . . 17

*Northhampton Media Assocs. v. F.C.C.,* 941 F.2d 1214 (D.C. Cir. 1991) . . . . . . . . 9

*N.W. Envt'l Advocates v. EPA*, CV-05-1876-HA, Doc. 248 (D. Or. Nov. 3, 2010) . . 17

*Oregon Natural Desert Ass'n v. Freeborn,*

    CV-06-1311-MO, Doc. 89 (D. Or Nov. 12, 2010) . . . . . . . . . . . . . . . . . . . . . . . 17

 *Oregon Natural Resources Council v. Harrell,* 52 F.3d 1499 (9th Cir.1995). . . . . . 8

*Otter v. Salazar,* 2012 WL 12517198  (D. Id. 2012). . . . . . . . . . . . . . . . . . . . . . . . 17

*Pollinator Stewardship Council v. E.P.A*, 806 F.3d 520 (9th Cir. 2015) . . . . . . . 18, 19

*Rock Creek Alliance v. FWS,*

    CV-01-152-M-DWM, Order (D. Mont. Mar. 19, 2002) . . . . . . . . . . . . . .  passim

*Vista Hill Foundation., Incorporated v. Heckler,* 767 F.2d 556 (9th Cir. 1985) . . . . . 9

*Yong v. I.N.S.,* 208 F.3d 1116 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

REGULATIONS

40 C.F.R. §1502.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

40 C.F.R. §1502.9. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

40 C.F.R. §1503.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

40 C.F.R. §1503.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

40 C.F.R. §1505.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 19

INDEX OF EXHIBITS

Exhibit 1     *Rock Creek Alliance v. FWS*, CV-01-152-M-DWM, Order (D. Mont.

              Mar. 19, 2002)

Exhibit 2     *N.W. Envt'l Advocates v. EPA*, CV-05-1876-HA, Doc. 248 (D. Or. Nov.

              3, 2010)

Exhibit 3     *Oregon Natural Desert Ass'n v. Freeborn*, CV-06-1311-MO, Doc. 89

              (D. Or Nov. 12, 2010)

Exhibit 4     *Minn. Ctr. for Envt'l Advocacy v. EPA*, CV-03-5450-DWF-SRN (D.

              Minn. May 6, 2005)

# I. INTRODUCTION

Defendants have filed a motion for "voluntary remand without vacatur" of their Record of Decision approving the Stonewall Project.  However, they do not ask the Court to dismiss the case, but instead – in substance – they are asking this Court for an indefinite stay in this case while they prepare a supplemental EIS for the Project and issue a modified record of decision, i.e. a new record of decision.   Defendants suggest that after they choose to end the *de facto* stay with the issuance of a new decision, the parties should then file "revised motions for summary judgment" that challenge the new decision.  It is unclear whether Defendants also intend to file a new administrative record (and potentially litigate the adequacy of the new administrative record), but there will certainly be a new administrative record because NEPA requires that USFS must follow the same process for a supplemental EIS that USFS followed for the EIS in the first instance, which includes a NEPA public comment period and response to comments.

Prior to the filing of Defendants' motion, Plaintiffs informed Defendants that if USFS voluntarily withdraws the Project decision, Plaintiffs would not oppose a motion to dismiss the case as moot.  This is the procedure that these same parties have followed before, under similar circumstances.  *See e.g. Native Ecosystems Council v. Weldon,* 921 F.Supp.2d 1069, 1072 (D. Mont. 2013)("Both parties appealed, but they then voluntarily dismissed those appeals after a wildfire swept through the Project Area and

the Forest Service formally withdrew the Project from implementation."); *Alliance for the Wild Rockies v. Marten*, CV-15-99-BMM, Docs. 67, 68 (D. Mont. Jan. 27, 2017) ("Defendants hereby move the Court for dismissal of this action under F.R.Civ.P. 12(b)(1), and for dissolution of the preliminary injunction (Dkt. 66), for lack of subject matter jurisdiction. The records of decision authorizing the disputed agency action have been withdrawn. Therefore, no 'final agency action' supports judicial review under the Administrative Procedure Act, there is no live case or controversy, and the matter must be dismissed.")  In this case, however, Defendants have adopted a novel strategy. Counsel for Defendants stated: "the agency will not agree to withdraw the [Record of Decision]."  The reason provided for USFS's refusal to withdraw the existing Project decision in this case is that USFS wants to "allow the [timber sale] contract to remain in place during the [supplemental] EIS process . . . ."  Doc. 44 at 8.

Under well-established case law, allowing a pre-existing contract to remain in place during a supplemental NEPA process violates NEPA because it indicates that the agency improperly arrived at its decision before conducting the environmental analysis. Moreover, if the decision is predetermined, there is no reason to further delay the deadline for Defendants' summary judgment response brief in this case.   Their summary judgment response brief deadline has now been delayed for almost six months.  Further delay is unreasonable; Defendants must either file a responsive summary judgment brief now or withdraw the challenged decision to moot the case and

conduct a voluntary remand for a legitimate supplemental EIS process.

Accordingly, as set forth in more detail below, Plaintiffs request that the Court rule on this motion in the same way that it did in *Rock Creek Alliance v. FWS*, CV-01-152-M-DWM, Order (D. Mont. Mar. 19, 2002): (1) Deny Defendants' Motion for Voluntary Remand without Vacatur; (2) Direct Defendants to file a status report with the Court by February 9, 2018 indicating whether they plan to withdraw the Record of Decision or go forward in this litigation with the current Record of Decision; (3) Order that should Defendants opt to withdraw the Record of Decision, they shall have until February 9, 2018 to do so; and (4) Order that should Defendants opt to continue in this litigation with the current Record of Decision, their summary judgment response brief is due February 16, 2018.

## II. PROCEDURAL BACKGROUND

On June 30, 2017, Plaintiffs filed a motion for summary judgment in this case. Pursuant to the Court's April 12, 2017 case management order (Doc. 5), Defendants' response was due on July 28, 2017.  On July 19, 2017, Defendants requested an extension of this deadline, and Plaintiffs did not oppose the extension. Accordingly, on July 24, 2017, this Court granted Defendants an extension until August 11, 2017 to file their summary judgment response.  Doc. 27.  On August 7, 2017, Defendants requested a stay of the case until October 2, 2017.  Doc. 28.  Plaintiffs did not oppose this second request for extension.  On August 8, 2017, this Court granted

Defendants' unopposed motion to stay this case and ordered that "Federal Defendants shall file a status report with this Court no later than October 2, 2017, notifying the Court and Plaintiffs of the current status and impacts of fire on the Stonewall Project Area." Doc. 29.

On October 2, 2017, Defendants filed a "Status Report and Request to Extend the Stay." Doc. 30. Plaintiffs opposed the request. On October 10, 2017, this Court issued an Order denying Defendants' request to extend a stay in this case until January 18, 2018, but granting Defendants an extension until November 1, 2017 to file their summary judgment response brief. Doc. 32. On October 17, 2017, Defendants filed a motion for leave to file a motion for reconsideration of the Court's October 10, 2017 Order. Doc. 33, *amended by* Doc. 35. On October 23, 2017, this Court granted Defendants leave to file a motion to reconsider and vacated the November 1, 2017 deadline for Defendants' summary judgment response brief. Doc. 37. On October 23, 2017, Defendants' motion to reconsider was filed. Doc. 38.

On November 29, 2017, this Court granted Defendants' motion to reconsider and ordered that "Defendants will file a status report apprising the Court of the results of its completed fire impact assessment no later than January 19, 2018." Doc. 41 at 9. On January 19, 2018, Defendants filed their status report and a motion for voluntary remand without vacatur, which essentially ask the Court for an unlimited further stay of this case while USFS leaves the existing Record of Decision in place and conducts a

4

supplemental EIS analysis and issues a new, modified record of decision for the Project. Docs. 42, 43.  After USFS completes its new decision, Defendants suggest that the parties should file "revised motions for summary judgment," *id*, which in effect means that they are suggesting that Plaintiffs would withdraw their June 2017 summary judgment motion and file a new summary judgment motion challenging the new decision under the new administrative record.

### III.  ARGUMENT

In their brief, Defendants state that they request "a voluntary remand of the ROD to allow the Forest Service to generate an SEIS and issue a modified ROD in light of the changes resulting from the Park Creek Fire."  Doc. 44 at 6 (acronyms in original). Defendants state that "there will be no actions taken by the agency to implement the project until the SEIS is complete (and, presumably, until this Court has an opportunity to issue a ruling on the merits on the parties' revised motions for summary judgment.)" Doc. 44 at 8.  Defendants insist that "no prejudice to Plaintiffs' interests will occur prior to issuance of the SEIS and this Court's ultimate decision on the merits."  Doc. 44 at 8.

From these statements, it is clear that Defendants are not seeking the dismissal of this case, which would normally accompany a remand to the agency to complete a supplemental NEPA analysis.  *See e.g. Friends of the Wild Swan v. USFS*, 875 F.Supp.2d 1199, 1221 (D. Mont. 2012)("IT IS FURTHER ORDERED that this matter is REMANDED to the Forest Service so that it may prepare a supplemental

environmental assessment consistent with this order and the law. . . .IT IS FURTHER

ORDERED that the Clerk of Court is directed to enter judgment and close this case.")

Instead, in substance, Defendants are requesting that the Court grant an indefinite stay

of their summary judgment response brief deadline while USFS prepares a supplemental

EIS and issues a new decision at the culmination of that process.  Defendants are also

implicitly asking that the Court require Plaintiffs to withdraw their summary judgment

motion filed in June 2017,  file an amended complaint to challenge the new decision,

review a new administrative record, and file a new summary judgment motion that

challenges the new decision, all at some unspecified point in the future.

As set forth in more detail below, Plaintiffs respectfully request that the Court

deny the motion, and provide the same options that the Court provided to FWS in

response to a similar motion in *Rock Creek Alliance*: either USFS should withdraw the

Record of Decision and conduct its voluntary remand, or USFS should continue with

this litigation with the current Record of Decision and file its summary judgment

response brief.

**A.  If USFS opts not to withdraw the Record of Decision, USFS must continue this litigation with the current Record of Decision and file its summary judgment response brief; an indefinite stay is not appropriate.**

A stay of civil proceedings denies a plaintiff the timely resolution of its claims.

*See Yong v. I.N.S.*, 208 F.3d 1116, 1121 (9th Cir. 2000).  Thus, a stay of

civil proceedings is an "extraordinary remedy that should be granted only when

justice so requires . . . ." *ESG Capital Partners LP v. Stratos*, 22 F.Supp.3d 1042, 1045 (C.D. Cal. 2014).   Additionally, "[g]enerally, stays should not be indefinite in nature."  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007).  Thus, it is an abuse of discretion to grant a stay with " no specific deadline for when the stay will terminate." *Id.*

### 1.  Defendants' implicit request for an indefinite stay must be rejected.

In this case, Defendants have, in substance, asked the Court for an indefinite stay to conduct a supplemental EIS process and issue a new, modified record of decision for the Project.  While "[t]he agency estimates it will complete the Supplemental NEPA analysis and revised ROD by August, 2018," Doc. 42 at 3, i.e. Defendants are requesting at least an eight-month stay, Defendants do not actually commit to any particular deadline, which makes the requested stay indefinite.  This request for an indefinite stay comes after Defendants' summary judgment response brief deadline has already been stayed for almost six months, as discussed above.  The continuous delay in this case is unreasonable because it "denies [] plaintiff[s] the timely resolution of [their] claims."  *See Yong*, 208 F.3d at 1121.  Defendants' implicit request for an indefinite stay should be rejected.  *Dependable Highway*, 498 F.3d at 1066-67.

The Record of Decision for this Project is the final agency action that is challenged in this litigation. *See, e.g., Nat'l Wildlife Fed'n v. U.S. Army Corps of Engineers*, 132 F.Supp.2d 876, 895 (D. Or. 2001);  *Montana Snowmobile Ass'n v.*

*Wildes*, 103 F.Supp.2d 1239, 1241-42 (D. Mont. 2000), *aff'd*, 26 F.App'x 762 (9th Cir. 2002)(*citing Oregon Natural Resources Council v. Harrell*, 52 F.3d 1499, 1503 (9th Cir.1995)).   So long as USFS opts not to withdraw the Record of Decision, the final agency action is still in place, and there is still a live controversy to litigate.  As the District of Oregon stated under similar circumstances: "This case could become moot upon the issuance of a decision which replaces the 1995 Record of Decision and the 1998 Record of Decision. Since there is no such decision as of this date, the court concludes that a stay . . . is not warranted by the facts or the law." *Nat'l Wildlife Fed'n*, 132 F.Supp.2d at 895.

Thus, as it did in *Rock Creek Alliance*, this Court should set a deadline for Defendants' summary judgment response brief, and require that Defendants file their brief by that deadline should Defendants opt not to withdraw the Record of Decision.

**2.  If the Project decision remains in place during remand, then the outcome is pre-determined, and there is no reason to continue to delay summary judgment briefing.**

Furthermore, because Defendants insist on leaving the challenged Record of Decision in place during their "voluntary remand," it appears that Defendants already know the decision that they will ultimately make for the Project at the close of the supplemental EIS process.  Thus, it appears that USFS does not actually intend to make any meaningful changes to the challenged Record of Decision.   If USFS does not intend to make any meaningful changes to the challenged Record of Decision, then

there is no reason to further delay the summary judgment litigation challenging that

Record of Decision in this case.  As the Ninth Circuit has stated:  "[a] remand is not

required when it would be an idle and useless formality . . . ."  *Vista Hill Found., Inc. v.

Heckler*, 767 F.2d 556, 566 n.9 (9th Cir. 1985)(citation and internal quotation marks

omitted); *see also Northhampton Media Assocs. v. F.C.C.*, 941 F.2d 1214, 1217 (D.C.

Cir. 1991)(holding that "remand is unnecessary where agency on remand would

'inevitably arrive at the same result'")(citation omitted).

**B.  Alternatively, Plaintiffs do not oppose a voluntary remand for the purpose of preparing a supplemental EIS if the existing decision is either withdrawn by the agency or vacated by the Court.**

As noted above, prior to the filing of Defendants' motion, Plaintiffs informed

Defendants that if USFS voluntarily withdraws the Project decision, Plaintiffs would not

oppose a motion to dismiss the case for lack of subject matter jurisdiction.  This is the

procedure that these same parties have followed before, under similar circumstances.

*See e.g. Native Ecosystems Council,* 921 F.Supp.2d at 1072; *Alliance for the Wild

Rockies*, CV-15-99-BMM, Docs. 67, 68.  Nonetheless, counsel for Defendants

responded: "the agency will not agree to withdraw the [Record of Decision]."  The

reason provided for USFS's refusal to withdraw the existing Project decision in this

case is that USFS wants to "allow the [timber sale] contract to remain in place during

the [supplemental] EIS process . . . ."  Doc. 44 at 8.

The agency's desire to leave a pre-existing decision in place during a

supplemental EIS process is fundamentally incongruous with NEPA.  As set forth

below, if the agency wants to conduct a legitimate, lawful NEPA process, it must

withdraw the pre-existing Record of Decision.  If the agency refuses to do so, and the

Court wishes to order the remand nonetheless, the Court may vacate the Record of

Decision to ensure that the remand process will comply with NEPA.

**1.  A valid supplemental EIS process must provide the same public process as an EIS process, including a new record of decision and a new timber sale contract after the NEPA process is completed.**

NEPA regulations state:

c) Agencies:

(1) Shall prepare supplements to either draft or final environmental impact statements if:

> (i) The agency makes substantial changes in the proposed action that are relevant to environmental concerns; or

> (ii) There are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts.

(2) May also prepare supplements when the agency determines that the purposes of the Act will be furthered by doing so.

(3) Shall adopt procedures for introducing a supplement into its formal administrative record, if such a record exists.

(4) Shall prepare, circulate, and file a supplement to a statement in the same fashion (exclusive of scoping) as a draft and final statement unless alternative procedures are approved by the Council.

40 C.F.R. §1502.9.  Thus, when USFS prepares a supplemental EIS for the Project, it

must "prepare, circulate, and file" the supplemental EIS "in the same fashion" as the "draft and final" EIS was prepared, circulated, and filed. *Id.*

More specifically, "NEPA requires agencies to allow the public to participate in the preparation of an SEIS . . . ." *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000). NEPA regulations require that the agency "shall" "[r]equest comments from the public" "[a]fter preparing a draft environmental impact statement and before preparing a final environmental impact statement . . . ." 40 C.F.R. §1503.1(a). Thus, in this case, USFS must prepare a draft supplemental EIS, solicit public comment, and then issue a final supplemental EIS. *Id.* In the final supplemental EIS, USFS must assess, consider, and respond to public comments. 40 C.F.R. §1503.4. At the conclusion of the supplemental EIS process, USFS "shall prepare a concise public record of decision." 40 C.F.R. §1505.2. This new record of decision will be the final agency action that is subject to a new legal challenge. *Nat'l Wildlife Fed'n*, 132 F.Supp.2d at 895; *Montana Snowmobile Ass'n*, 103 F.Supp.2d at 1241-42, *aff'd*, 26 F.App'x 762 (*citing Oregon Natural Resources Council*, 52 F.3d at 1503).

Furthermore, "[e]nvironmental impact statements shall serve as the means of assessing the environmental impact of proposed agency actions, rather than justifying decisions already made." 40 C.F.R. §1502.2. Thus, in this case, in order to have a legitimate NEPA process, USFS cannot leave in place its pre-existing Record of Decision and timber sale contract because that would misuse the supplemental EIS

11

process "as the means of . . . justifying [a] decision[] already made." *Id*; *see also Rock Creek Alliance*, Exhibit 1 at 2 ("Defendant may not rely on post hoc reasoning to defend its decision.")

In *Metcalf v. Daly*, the Ninth Circuit addressed a similar case in which the federal agency had signed a contract with a third party prior to the preparation of the NEPA analysis: "more than a year before the EA was prepared, NOAA entered into a contract with the Makah . . . ." 214 F.3d 1135, 1143 (9th Cir. 2000). The Ninth Circuit held that a federal agency cannot enter into a contract first and then conduct the NEPA analysis afterward:

> The "point of commitment" in this case came when NOAA signed the contract with the Makah in March 1996 and then worked to effectuate the agreement. It was at this juncture that it made an "irreversible and irretrievable commitment of resources." . . . This is strong evidence that NOAA and other agencies made the decision to support the Tribe's proposal in 1996, before the EA process began and without considering the environmental consequences thereof.  By the time the Federal Defendants completed the final EA in 1997, the die already had been cast. The "point of commitment" to this proposal clearly had come and gone.
> . . .
> NEPA's effectiveness depends entirely on involving environmental considerations in the initial decisionmaking process. . . . Here, before preparing an EA, the Federal Defendants signed a contract which obligated them . . . . We hold that by making such a firm commitment before preparing an EA, the Federal Defendants failed to take a "hard look" at the environmental consequences of their actions and, therefore, violated NEPA.

*Metcalf*, 214 F.3d at 1143–45.  Therefore, in this case, as in *Metcalf*, USFS's plan to conduct a NEPA process when there is a decision and third party contract already in

place would violate NEPA and represents an unlawful "irreversible and irretrievable commitment of resources."  *Id.*

> **2.  In order to ensure a lawful, legitimate supplemental EIS process, vacatur or withdrawal of the decision must accompany any voluntary remand.**

Accordingly, because USFS's plan to conduct a NEPA process with a decision and timber sale contract already in place would violate NEPA, *Metcalf*, 214 F.3d at 1143-45, the existing Record of Decision must be either withdrawn or vacated prior to a remand for a supplemental EIS process.  The District of Colorado addressed a similar issue in *High Country Conservation Advocates v. USFS*, holding:

> The agencies might . . .decide to forgo granting the lease modifications altogether. Then again, maybe they will reach the same conclusion they reached before this appeal. The outcome is not clear, and while it is not the Court's responsibility to mandate a particular outcome, *NEPA's goals of deliberative, non-arbitrary decision-making would seem best served by the agencies approaching these actions with a clean slate*. Because I do not find that equitable considerations tip the scales in favor of a temporary injunction, and because I believe *vacation will best serve the deliberative process mandated by NEPA*, the Court orders that the lease modifications be vacated.

67 F.Supp.3d 1262, 1265 (D. Colo. 2014)(emphases added).  Likewise, here, "NEPA's goals of deliberative, non-arbitrary decision-making would seem best served by [USFS] approaching these actions with a clean slate."  *Id.*

In this case, the most straightforward way to ensure the lawfulness and legitimacy of the supplemental EIS process would be for USFS itself to simply

withdraw the existing Record of Decision.  This is the well-established, legal, and appropriate procedure that the agency itself has followed on numerous occasions, and there is no compelling reason to change that practice in this case.  The list set forth below documents the numerous times that USFS has withdrawn its record of decision during litigation in order to conduct a new or supplemental environmental analysis on voluntary remand, and the case was accordingly dismissed.

USFS Voluntary Remands Following Withdrawal of Decision:

1.    *Alliance for the Wild Rockies v. Marten*, CV-15-99-BMM, Doc. 67 (D. Mont. Jan. 27, 2017)(USFS Greater Red Lodge Project)[1];

2.    *Native Ecosystems Council v. Krueger*, CV-12-206-DWM, Doc. 5 (D. Mont. April 26, 2013)(USFS Trapper Project);

3.    *Alliance for the Wild Rockies v. Krueger*, CV-12-158-DLC, Doc. 10 (D. Mont. Dec. 7, 2012)(USFS Little Belt Project);

4.    *Native Ecosystems Council v. Weldon,* 9th Cir. No. 12-35419 (D. Mont. Sept. 18, 2012)(USFS Beaver Creek Project);

5.    *Native Ecosystems Council v. Weldon*, CV-11-27-DWM, Doc. 13 (D. Mont. April 29, 2011)(USFS North Butte Project);

6.    *Native Ecosystems Council v. Weldon*, CV-10-43-DWM, Doc. 9 (D. Mont. Sept. 9, 2010)(USFS Elliston Face Project);

7.    *Native Ecosystems Council v. Tidwell*, CV-09-17-DWM, Doc. 27 (D. Mont. Nov. 18, 2009)(USFS Lonesome Wood Project);

---

[1]USFS voluntarily withdrew its decision in this case only after this Court denied USFS's request to stay the case while it conducted a new environmental analysis on voluntary remand.  *All. for the Wild Rockies v. Marten*, 200 F.Supp. 3d 1129, 1131 (D. Mont. 2016).

8.   *Native Ecosystems Council v. Tidwell*, CV-09-68-DWM, Doc. 21  (D. Mont. Oct. 6, 2009)(USFS Whitetail Project);

9.   *Native Ecosystems Council v. Tidwell*, CV-08-151-DWM, Doc. 5 (D. Mont. Feb. 6, 2009)(USFS Newlan Bugs Project);

10.  *Native Ecosystems Council v. Tidwell*, CV-08-173-DWM, Doc. 6 (D. Mont. Feb. 25, 2009)(USFS Barton Springs Project);

11.  *Alliance for the Wild Rockies v. Tidwell*, CV-08-89-DWM, Doc. 9 (D. Mont. July 7, 2008)(USFS Price Powder Project);

Thus, withdrawal of a record of decision during a voluntary remand for new environmental analysis is the lawful and well-established practice of USFS.

In fact, courts have rejected, on numerous occasions, agency attempts to conduct voluntary remands while leaving a pre-existing decision in place.  For example, as discussed above, this Court rejected such an attempt in *Rock Creek Alliance*.  In *Rock Creek Alliance*, FWS filed a motion requesting that litigation "be stayed until it has completed the further analysis it desires to complete in its period of voluntary remand." Exhibit 1 at 1.  FWS stated that "the Biological Opinion will not be formally withdrawn during the period of remand."  *Id* at 2.  The Court noted: "Judicial efficiency favors allowing the agency to withdraw its opinion and re-work as it sees fit prior to judicial scrutiny. Here, however, Defendant proposes to have an opportunity to re-work the opinion without withdrawing it."  *Id* at 2.

Thus, the Court ultimately held: "voluntary remand must be conditioned on

15

withdrawal of the Biological Opinion.  Alternatively, if the Defendant does not

withdraw the Biological Opinion for review in its reconsideration, then this case will

proceed as scheduled on the current administrative record."  *Id.*  The Court then offered

FWS the following options: "Defendant may choose the course of this litigation by

choosing either to withdraw the Biological Opinion and render a new decision based on

whatever new information or analyses it chooses to incorporate, or Defendant may

choose not to withdraw the Biological Opinion and this case will proceed as

scheduled."  *Id.* at 3.  The Court issued the following Order:

> Wherefore IT IS HEREBY ORDERED that:
>
> 1. Defendant's Motion to Remand or Stay (docket #15) is DENIED.
>
> 2. Defendant is directed to file a status report with the Court on or before March 28, 2002 indicating whether it plans to withdraw the Biological Opinion or to go forward in this litigation with the current Biological Opinion.
>
> 3. Should Defendant opt to withdraw the Biological Opinion, it shall have until March 29, 2002 in which to do so.
>
> 4. Should Defendant opt to continue in this litigation with the current Biological Opinion, it is reminded that summary judgment briefs are due April 2, 2002 .

*Id* at 3.

Plaintiffs request precisely the same relief here, for the same reasons, with the

caveat that the phrase "Record of Decision" be substituted for the phrase "Biological

Opinion," and that the Court set appropriate deadlines specific to this case.

This is the appropriate course of action because "[i]n the Ninth Circuit, remand without vacatur is the exception rather than the rule." *Ctr. for Envtl. Health v. Vilsack*, 2016 WL 3383954 at *13 (N.D. Cal. 2016). Thus, in line with the reasoning in *Rock Creek Alliance*, other courts have also denied similar motions for voluntary remand without vacatur. *See, e.g., N.W. Envt'l Advocates v. EPA*, CV-05-1876-HA, Doc. 248 (D. Or. Nov. 3, 2010) (Exhibit 2); *Oregon Natural Desert Ass'n v. Freeborn*, CV-06-1311-MO, Doc. 89 (D. Or Nov. 12, 2010) (Exhibit 3); *Minn. Ctr. for Envt'l Advocacy v. EPA*, CV-03-5450-DWF-SRN (D. Minn. May 6, 2005) (Exhibit 4); *Natural Resources Defense Council v. Norton*, 2007 WL 14283 (D. Or. 2007) at *8-13, *13-16; *Jumping Frog Research Inst. v. Babbitt*, 1999 WL 1244149, at *2 (N.D. Cal. 1999); *Vilsack*, 2016 WL 3383954 at *13; *Otter v. Salazar*, 2012 WL 12517198, at *7 (D. Id. 2012).

Indeed, the Ninth Circuit holds: "we have only ordered remand without vacatur in limited circumstances . . . ." *California Communities Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 994 (9th Cir. 2012).[2] In *California Communities Against Toxics*, the Ninth Circuit found that the "limited circumstances" that justified remand without

---

[2]In their brief, other than *California Communities Against Toxics*, Defendants cite only one other case within the Ninth Circuit in support of their request for a rare remand without vacatur of a record of decision: *League of Wilderness Defenders v. Pena*, 2015 WL 1567444 (D. Or. 2015). Doc. 44 at 7. However, in that case, the district court did vacate the record of decision at issue. 2015 WL 1567444 at *9.

vacatur were (1) "the region might not have enough power next summer, resulting in blackouts" [and] "[b]lackouts necessitate the use of diesel generators that pollute the air, the very danger the Clean Air Act aims to prevent," (2) "vacatur would likely require the California legislature to pass a new bill . . . ," and (3) "[s]topping construction would also be economically disastrous [because] [t]his is a billion-dollar venture employing 350 workers." *Id.* Under these circumstances, the court determined that "[t]he delay and trouble vacatur would cause are severe" and weighed in favor of a rare remand without vacatur. *Id.*

In contrast, in *Pollinator Stewardship Council v. E.P.A*, the Ninth Circuit held that circumstances dictated that remand without vacatur was not appropriate. 806 F.3d 520, 532 (9th Cir. 2015). The court held: "We order remand without vacatur only in 'limited circumstances.'" *Id.* (citing *California Communities Against Toxics*). The court held: "In this case, given the precariousness of bee populations, leaving the EPA's [decision] in place risks more potential environmental harm than vacating it. Moreover, on remand, a different result may be reached. . . . We therefore vacate the EPA's [decision] and remand for the EPA to obtain further studies and data . . . ." *Id* at 532.

Unlike in *California Communities Against Toxics,* in this case, vacatur would not cause any delay or trouble, much less meet  the required threshold of "severe" delay or trouble. *See* 688 F.3d at 994. Instead, it appears that vacatur of the Record of Decision in this case would have no on-the-ground effect at all because legally USFS

18

must issue another record of decision at the culmination of the supplemental EIS

process.  40 C.F.R. §1505.2.  When the new record of decision is issued, it will

supercede the current Record of Decision.  USFS itself states that "there will be no

actions taken by the agency to implement the project until the SEIS is complete . . . ."

Doc. 44 at 8.  Thus, withdrawal of the current Record of Decision will have no actual

effect on logging operations because by the agency's own admission no Project

activities would occur anyway until the supplemental EIS process is complete and a

new record of decision is issued.  Accordingly, this case is more akin to *Pollinator*

*Stewardship Council*, in which the Ninth Circuit denied the agency's request to remand

without vacatur, in part because "on remand, a different result may be reached." 806

F.3d at 532.  Here, too, "a different result may be reached" at the culmination of the

supplemental EIS process, which counsels in favor of vacatur.  *Id.*

In sum, because the law requires that a new record of decision must be issued at

the close of the supplemental EIS process, and because USFS will not implement the

Project until that process is complete, there is no actual effect – much less a severe

effect – on USFS or Project operations if USFS withdraws, or the Court vacates, the

current Record of Decision now.  By failing to demonstrate that there will be an actual

severe effect, USFS has failed to demonstrate that this case falls into one of the "limited

circumstances" in which remand without vacatur is appropriate.  *See California*

*Communities Against Toxics*, 688 F.3d at 994; *Pollinator Stewardship Council*, 806

F.3d at 532.

## IV.  CONCLUSION

Under well-established case law, allowing a pre-existing decision and contract to remain in place during a supplemental NEPA process violates NEPA because it indicates that the agency improperly made its decision before conducting the environmental analysis.  If the remand decision is predetermined in this case, there is no reason to further delay the deadline for Defendants' summary judgment response brief. If, on the other hand, the remand decision is not predetermined, then the existing Record of Decision must be withdrawn or vacated to ensure the validity of the supplemental EIS process on remand.

Accordingly, for the reasons set forth above, Plaintiffs request that the Court rule on this motion in the same way that it did in *Rock Creek Alliance*: (1) Deny Defendants' Motion for Voluntary Remand without Vacatur; (2) Direct Defendants to file a status report with the Court by February 9, 2018 indicating whether they plan to withdraw the Record of Decision or go forward in this litigation with the current Record of Decision; (3) Order that should Defendants opt to withdraw the Record of Decision, they shall have until February 9, 2018 to do so; and (4) Order that should Defendants opt to continue in this litigation with the current Record of Decision, their summary judgment response brief is due February 16, 2018.

Respectfully submitted this 26th Day of January, 2018.

/s/ Rebecca K. Smith
Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, PC

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

Kristine Akland
AKLAND LAW FIRM, PLLC

Attorneys for Plaintiffs

CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing brief is 5,200 words, excluding the

caption, table of authorities, table of contents, index of exhibits, signature blocks, and

certificate of compliance.


/s/ Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, P.C.

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

Kristine Akland
AKLAND LAW FIRM, PLLC

Attorneys for Plaintiffs